**Paul William JENSEN, Plaintiff–Appellant,**

v.

**M.E. KNOWLES, Warden; et al., Defendants–Appellees.**

**No. 05–16519.**

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 24, 2007.*

Filed Oct. 5, 2007.

Paul William Jensen, Coalinga, CA, pro se.

Constance Picciano, Esq., Office of the California Attorney General, Department of Justice, Sacramento, CA, Sara E. Turner, Esq., Jessica N. Blonien, Esq., Office

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

of the California Attorney General, San Francisco, CA, for Defendants–Appellees.

Before: CANBY, TASHIMA and RAWLINSON, Circuit Judges.

### MEMORANDUM **

Paul William Jensen, a California state prisoner, appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging that officials at Mule Creek State Prison violated his constitutional rights by denying him a diabetic diet, confiscating his religious books, and housing him with an inmate who smokes. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal pursuant to 28 U.S.C. § 1915(g). *Andrews v. Cervantes*, 493 F.3d 1047, 1052 (9th Cir. 2007). We reverse and remand.

The Prison Litigation Reform Act (PLRA) prohibits a prisoner from proceeding *in forma pauperis* if three or more of his prior federal actions were dismissed because they were frivolous, malicious, or failed to state a claim, "unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The district court concluded that Jensen's allegations regarding conditions at Mule Creek State Prison did not meet the "imminent danger" exception because, after Jensen filed his initial complaint, he was transferred to Pleasant Valley State Prison where, presumably, he was no longer in danger.

After the district court issued its opinion, we held in *Andrews v. Cervantes*, that

** This disposition is not appropriate for publication and is not precedent except as provid-

"the availability of the exception turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time." 493 F.3d at 1053. Because the district court did not have the benefit of *Andrews* when it issued its dismissal order, we reverse and remand for the district court to reconsider whether Jensen's complaint meets the "immediate danger" exception in section 1915(g).

Because we reverse on other grounds, we do not consider whether the district court properly treated an action dismissed pursuant to *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), as a strike under the PLRA.

Jensen's motion for judicial notice is denied.

**REVERSED and REMANDED.**